UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:00cv637 |
| DANIEL GREEN, L.W.G. CO., INC. f/k/a GREEN INDUSTRIES INC., THE ESTATE OF MAURICE GREEN DANIEL GREEN IN HIS CAPACITY AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF MAURICE GREEN, and HARD SURFACE TECHNOLOGY, INC. | ) Judge Susan J. Dlott |
| Defendants | ) |
| and | ) |
| SAUNDRA GREEN, wife of DEFENDANT DANIEL GREEN, | ) |
| Rule 19 Defendant. | ) |

\* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' SURREPLY TO
UNITED STATES' REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT**

\* \* \* \* \* \* \* \* \* \*

The United States' Reply argument goes wholly outside the applicable standard for the amendment of pleadings that is currently before the Court. Under the guise of responding to Defendants' statute of limitations argument, the United States has used its Reply to improperly argue the "merits" of it fraudulent transfer allegations and, moreover, relied on evidence not proper for the Court's review in doing so. Such tactic warrants this brief reply.

1

Whether Maurice Green/LWG's 1994 sale of property to Omni Properties was, in fact, fraudulent and when the Government "should have known" said transfer was "fraudulent" is <u>completely</u> irrelevant to the statute of limitations issue or any other issue implicated by the Government's motion to amend. The FDCPA expressly provides that its statute of limitations begins to run "within 6 years after <u>the</u> transfer was made" or "within 2 years after <u>the</u> transfer <u>or</u> obligation was or could reasonable have been discovered by the claimant." Defendants' Memorandum in Opposition at p. 10, <u>citing</u> 28 U.S.C. §3306(b) (Emphasis added). The Government's prejudicial and wholly irrelevant discourse on the merits of its fraudulent transfer allegations should not be considered by the Court.

Moreover, the Government's argument borders on the ridiculous. Throughout this case, the Government has attacked and scrutinized every transaction, entity and person in any way affiliated with Maurice Green. But now the Court is to accept that the Government, since 1996, believed the LWG/Omni Properties transaction to be entirely above board and had absolutely no reason to believe otherwise until Daniel Green's February 2002 deposition. Such a claim is preposterous.

What is more, the Government, in advancing this argument, relies extensively on evidence not properly before the Court. The proffer statement that the United States quotes at length from and attaches in redacted form to its Reply has been expressly held by the Court to be improper for the Government to use during its case in chief. Order of Reference entered May 28, 2001, Docket Entry No. 24. Indeed, none of documents from the referenced criminal investigation are before this Court

and the cited proffer statement has been cited in a manner which gives Defendants absolutely no opportunity to rebut the Government claims.[1]

The Government's argument on the merits of its fraudulent transfer claims (which it has not even been granted leave to amend to its Complaint) and citations to the 1996 proffer statement should be disregarded by the Court.

Respectfully submitted,

/s/Philip J. Schworer
Philip J. Schworer (0036982)
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728

-AND-

David A. Owen
Greenebaum Doll & McDonald PLLC
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507

COUNSEL FOR DEFENDANTS
DANIEL GREEN, L.W.G. CO. INC.,
AND HARD SURFACE TECHNOLOGY, INC

---

[1] The 1996 proffer statement was cited by Defendants only to show notice to the Government, not for the truth of its contents.

3

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Benjamin Fisherow
Deputy Chief
Jeffrey A. Spector
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station,
P.O. Box 7611
Washington, DC 20004

Gregory G. Lockhart
United States Attorney
Southern District of Ohio
Gerald F. Kaminski
Deputy Civil Chief
Office of the United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Richard R. Wagner
Associate Regional Counsel
U.S. Environmental Protection Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604

David J. Schmitt
Cors & Bassett
537 E. Pete Rose Way
#400
Cincinnati, Ohio 45202

on this 25th day of March, 2004.

                                                     /s/ Philip J. Schworer
                                                     COUNSEL FOR DEFENDANT

LEX:645586.1