UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| | ) Case No. C-1-00-637 |
| v. | ) |
| DANIEL GREEN, L.W.G. CO., | ) |
| INC. f/k/a GREEN INDUSTRIES | ) District Judge Susan J. Dlott |
| INC., THE ESTATE OF MAURICE GREEN | ) |
| DANIEL GREEN IN HIS CAPACITY AS | ) |
| THE PERSONAL REPRESENTATIVE OF THE | ) |
| ESTATE OF MAURICE GREEN, and | ) |
| HARD SURFACE TECHNOLOGY, INC. | ) |
| Defendants | ) |
| and | ) |
| SAUNDRA GREEN, wife of | ) |
| DEFENDANT DANIEL GREEN, | ) |
| Rule 19 Defendant | ) |

\* \* \* \* \* \* \* \* \*
**MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION**
\* \* \* \* \* \* \* \* \*

Defendant Daniel Green submits this memorandum in opposition to the United States' Motion for Reconsideration of the July 8, 2004 Order Regarding United States' Motion for Partial Summary Judgment Against Daniel Green.

### INTRODUCTION

The United States' Motion for Reconsideration urges the Court to revisit its prior ruling denying the United States summary judgment against Defendant Daniel Green. As grounds for its motion, the Government argues that (1) the Court incorrectly interpreted dicta from the U.S.

Supreme Court's holding in U.S. v. Bestfoods, 524 U.S. 51 (1998) to apply an incorrect standard of direct CERCLA liability (United States' Motion at pgs. 2-7), and (2) even under the standard applied, the Court misapplied the evidence before it to incorrectly hold that disputed issues of fact warranted a denial of summary judgment (Id. at pgs.8-9).

The United States' motion is nothing more that a request that this Court change its mind regarding evidence, arguments and case law already presented, briefed, considered and rejected by the Court. The Government does not allege that a change in controlling case law has occurred since the Court's ruling. Nor does the Government argue that newly discovered evidence has surfaced that necessitates a reconsideration of the Court's prior ruling. Finally, the Government fails to demonstrate that the Court's ruling reflects a clear error of law. Accordingly, the United States fails to establish that reconsideration is warranted. The United States' motion must be denied.

**ARGUMENT**

A.  The United States' Motion Fails to Meet The Standard Required for a Court to Reconsider a Prior Ruling.

Sixth Circuit law holds that a motion for reconsideration should not be granted absent (1) a clear error of law, (2) newly discovered evidence that was not previously available to the parties, or (3) an intervening change in controlling case law. GenCorp., Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). In addition, it is well settled not only in the Sixth Circuit, but also in this very Court, that a motion for reconsideration may not to be used to merely reargue an issue already presented and ruled upon by the Court. Owner-Operator Independent Drivers Ass'n v. Artic Express, Inc., 288 F.Supp2d 895, 900 (S.D. Ohio 2003) ("Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories

that should have been raised earlier") (citation omitted); see also Am. Marietta Corp. v. Essroc Cement Corp., 59 Fed. Appx. 668, 671-72, 2003 WL 463493 (6th Cir. 2003) ("a motion to reconsider should not be used to re-litigate issues previously considered"); Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (holding that a motion for reconsideration under the Federal Rules is not properly founded on a request that the Court rethink what [it] had already thought through -- rightly or wrongly") cited in Youghiogheny and Ohio Coal Co. v. Milliken, 200 F.3d 942, 954 (6th Cir. 1999).

In circumstances similar to those before the Court, the defendant in Meekison v. Ohio Dep't of Rehabilitiation and Correction, 181 F.R.D. 571 (S.D. Ohio 1998) moved this Court to reconsider its denial of the defendant's motion for summary judgment. The defendant argued that the Court should reconsider its holding based on the defendant's reading of a Sixth Circuit case as controlling, despite the fact that the case had already been cited to the Court as supplemental authority supplied "well before the Court issued its final Opinion and Order." Id. at 572. The Court denied defendant's motion as failing to meet the standard required for proper reconsideration of a prior ruling, stating:

> Defendant's new arguments amount to little more than a disagreement with the Court's decision and advise[] the Court that it should -- based on the same law, cases and arguments previously cited -- change its mind. A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Defendant's latest round of arguments is more appropriately reserved for appellate review, where Defendant can raise anew, to a different judicial tribunal, its unavailing arguments. [Citation omitted.] As one Court has stated, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration.

Id.

The same is true here. The United States' motion is nothing more than a reflection of its disagreement and disappointment with the Court's decision. First, the Government voices its disagreement and disappointment with the Court's interpretation of U.S. v. Bestfoods, a case fully briefed and analyzed for the Court by both parties prior to the Court's consideration and ruling. Second, the United States voices its disagreement and disappointment with the Court's weighing of the evidence to find that factual issues exist preventing summary judgment on the issue of whether Daniel Green exercised the requisite level of control and involvement with the facility to be deemed an operator under CERCLA. The United States cites no new intervening case law or newly discovered evidence to support its attempt to reargue these issues. Instead, the United States essentially asks the Court to change its mind -- precisely the type of request rejected in Meekison.

As a result, the United States' motion is insufficient to warrant a reconsideration of the Court's prior summary judgment ruling. On this ground alone, the United States' motion should be denied.

B.    Regardless, the United States Fails to Show That the Court Clearly Erred.

Regardless of the above however, the Unites States' motion fails to show any clear error in the Court's prior ruling. Indeed, with respect to the United States' position that the Court misinterpreted Bestfoods to apply the wrong standard for operator liability, the United States' own argument alone demonstrates that reconsideration of the Court's ruling is plainly not proper. The Government relies solely on an "explicit statement" contained in the Bestfoods opinion to argue that a finding of decision-making authority is not required to find an individual person liable as an operator under CERCLA. (United States' Motion at pg. 1). Yet, on the immediately following pages of its motion, the United States undermines its own argument, by expressly acknowledging:

4

- That the relied upon "explicit statement" from <u>Bestfoods</u> is pure dicta. The <u>Bestfoods</u> opinion addressed only the direct operator liability of a parent corporation for a hazardous waste clean-up occurring at a subsidiary's facility. (United States' Motion at pgs. 4, 6-7). The <u>Bestfoods</u> opinion did not dictate the standard for holding an individual person liable as an operator under CERCLA.

- That there is a complete "absence of reported decisions finding an individual liable based on day-to-day participation in the work of a facility or the disposal of hazardous substances without having decision-making control over at least some part of the facility." (United States' Motion at pg. 5).

- That different portions of the <u>Bestfoods</u> opinion, "could cause reasonable minds to differ as to the standard for direct operator liability under CERCLA." (United States' Motion at pg. 6).

It is clear from the above that the Court's holding that some level of authority or control is necessary to find direct operator liability under CERCLA is hardly contrary to any "explicit statement" in <u>Bestfoods</u> and, accordingly, in no way warrants reconsideration by the Court. In fact, as set forth in Daniel Green's memorandum in opposition to the United States' motion for summary judgment, such interpretation is the proper and appropriate interpretation of both <u>Bestfoods</u> and CERCLA under the current state of the law. (<u>See</u> Mem. of Daniel Green in Opposition to Plaintiff's Motion for Summary Judgment at pgs. 14-19).

The United States also argues that the Court should revisit its holding that summary judgment is precluded by the existence of disputed facts regarding whether Daniel Green exercised sufficient decision making authority over the business of Green Industries and its plating operation

5

on the Site. (United States' Motion at pgs. 7-8). The case law authority cited above clearly dictates that the Court should not reconsider this issue, for the United States' argument is plainly nothing more than a recitation of its prior argument. (Compare United States' Motion at pgs. 7-8 with Reply in Support of United States' Motion for Summary Judgment at pgs. 5-10, citing same facts as urge a finding that Daniel Green exercised sufficient control to be deemed an operator under CERCLA). Furthermore, the Government's summary conclusion that the "facts establish that Daniel Green had decision-making authority over and direct the operations of the hard chrome plating department" could not be further from the evidence presented. (United States' Motion at pg. 8). As the Court expressly found, Daniel Green provided evidence to the Court sufficient to, at a minimum, create an issue of fact as to whether Daniel Green had decision-making authority over the facility, or merely "did his father's bidding." (Order Ruling on Motions for Summary Judgment at pg. 15-16). Reconsideration of this issue is clearly not warranted by the Government's motion.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Reconsideration should be denied.

Respectfully submitted,

/s/Philip J. Schworer
Philip J. Schworer (0036982)
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728

-AND-

David A. Owen
Kelly A. Dant
Greenebaum Doll & McDonald PLLC
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507

COUNSEL FOR DEFENDANT
DANIEL GREEN

CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Benjamin Fisherow
Deputy Chief
Jeffrey A. Spector
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station,
P.O. Box 7611
Washington, DC 20004

Gregory G. Lockhart
United States Attorney
Southern District of Ohio
Gerald F. Kaminski
Deputy Civil Chief
Office of the United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Richard R. Wagner
Associate Regional Counsel
U.S. Environmental Protection Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604

David J. Schmitt
Cors & Bassett
537 E. Pete Rose Way
#400
Cincinnati, Ohio 45202

on this 5th day of August, 2004.

                                                /s/ Philip J. Schworer
                                                COUNSEL FOR DEFENDANT

LEX:655371.1