UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C-1-00-637 |
| v. | ) | |
| | ) | |
| DANIEL GREEN, LW.G. CO., INC. f/k/a | ) | |
| GREEN INDUSTRIES INC., THE ESTATE | ) | DISTRICT JUDGE MICHAEL |
| OF MAURICE GREEN, DANIEL GREEN | ) | WATSON |
| IN HIS CAPACITY AS THE PERSONAL | ) | |
| REPRESENTATIVE OF THE ESTATE | ) | |
| OF MAURICE GREEN, and HARD SURFACE | ) | |
| TECHNOLOGY INC., | ) | |
| | ) | |
| Defendants | ) | |
| and | ) | |
| | ) | |
| SAUNDRA GREEN, wife of | ) | |
| DEFENDANT DANIEL GREEN | ) | |
| | ) | |
| Rule 19 Defendant | ) | |

* * * * * * * *

JOINT STATUS REPORT OF PARTIES
* * * * * * * *

Pursuant to the Court's December 16, 2004 Order for a Joint Status Report regarding the

settlement of this matter, the parties state as follows:

As stated in the Parties' prior joint status report, in this action the United States alleges

that Defendants are jointly and severally liable under the Comprehensive Environmental

Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, for costs

incurred by the United States responding to releases and threatened releases of hazardous

substances at or from a facility located in Sharonville, Ohio. In addition, the United States has

alleged fraudulent transfer claims under the Federal Debt Collection Procedure Act ("FDCPA"),

28 U.S.C. § 3001 *et seq.*, against third party defendant Saundra Green. On February 19, 2004,

the United States filed a Motion for Leave to File Third Amended Complaint which would also add fraudulent transfer claims against Omni Industrial Properties, Inc. ("Omni") relating to Defendant LWG's transfer of real property from to Omni in 1994. That motion has been fully briefed and is currently pending with the Court.

By Case Management Order, litigation of this action was segregated into three consecutive phases: Phase I (Liability), Phase II (Costs), and Phase III (Assets). By Order dated July 20, 2004, the Court ruled on various party motions for summary judgment relating to liability thus resolving much of Phase I. In that ruling, the Court: (1) dismissed all claims against Defendant Hard Surface Technology, Inc.; (2) refused to grant summary judgment in favor of or against Rule 19 Defendant Saundra Green, but held that the FDCPA's statute of limitations applied, thereby precluding the United States from pursuing its claims against Saundra Green that were based on certain transfers alleged to have occurred in 1990; (3) granted the United States' motion for summary judgment against the Defendant LWG Co., Inc.; (4) refused to grant summary judgment in favor of or against Defendant Daniel Green; and (5) ordered Defendant Estate of Maurice Green to show cause why summary judgment should not be entered against it for failing to respond to the United States' motion for summary judgment. The Estate filed a Response on August 9, 2004.

After the Court's July 20, 2004 ruling regarding liability, the parties entered settlement negotiations. During those negotiations, the United States has made two offers of settlement that, if accepted by the remaining Defendants, would dismiss this action in total: (1) a settlement offer for the resolution of the United States' claims against all remaining Defendants with the exception of LWG; and (2) a settlement offer for the resolution of the United States' claim

against LWG and its related potential fraudulent transfer claim against Omni which is the subject of the United States' motion for leave to amend.

Although the parties are close to reaching an agreement that would resolve all of the United States' claims relating to all remaining Defendants other than LWG, Omni and the United States remain far apart in their negotiations relative to the settlement of any potential fraudulent transfer claim the United States may have against Omni, impeding the overall settlement negotiations between the parties. Defendants have opposed the United States' motion on the grounds that it is barred by the statute of limitations set forth in the FDCPA. The United States disagrees and maintains that the claim is not time-barred. The parties submit that a Court ruling on the United States' pending Motion for Leave to File Third Amended Complaint adding fraudulent transfer claims against Omni may provide the parties with guidance regarding the merit of the United States' claim against Omni and may help further global settlement negotiations in this action. The United States' Motion for Leave to Amend has been fully briefed by the parties and stands submitted to the Court.

In summary, the parties state that although settlement negotiations are actively ongoing, as of the date of this status report, no agreement for settlement has been reached between the parties.

Respectfully Submitted,


s/Jeffrey A. Spector
W. Benjamin Fisherow
Deputy Chief
Jeffrey A. Spector
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station,
P.O. Box 7611
Washington, DC 20004

Gregory G. Lockhart
United States Attorney
Southern District of Ohio
Gerald F. Kaminski
Deputy Civil Chief
Office of the United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Richard R. Wagner
Associate Regional Counsel
U.S. Environmental Protection Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604
David J. Schmitt
Cors & Bassett
537 E. Pete Rose Way
#400
Cincinnati, Ohio 45202

COUNSEL FOR PLAINTIFF UNITED STATES


s/Philip J. Schworer
Philip J. Schworer (0036982)
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728

4

David A. Owen
Kelly A. Dant
Greenebaum Doll & McDonald PLLC
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507

COUNSEL FOR DEFENDANTS
DANIEL GREEN; L.W.G. CO., INC f/k/a GREEN
INDUSTRIES, INC.; HARD SURFACE
TECHNOLOGY, INC; AND SAUNDRA GREEN.


s/David J. Schmitt
David J. Schmitt
Cors & Bassett
537 E. Pete Rose Way
#400
Cincinnati, Ohio 45202

COUNSEL FOR DEFENDANTS ESTATE OF
MAURICE GREEN AND DANIEL GREEN IN
HIS CAPACITY AS THE PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MAURICE GREEN

669505_1