ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C-1-00-637 |
| v. | ) | |
| | ) | |
| DANIEL GREEN, LW.G. CO., INC. f/k/a | ) | |
| GREEN INDUSTRIES INC., THE ESTATE | ) | DISTRICT JUDGE MICHAEL |
| OF MAURICE GREEN, DANIEL GREEN | ) | WATSON |
| IN HIS CAPACITY AS THE PERSONAL | ) | |
| REPRESENTATIVE OF THE ESTATE | ) | |
| OF MAURICE GREEN, and HARD SURFACE | ) | |
| TECHNOLOGY INC., | ) | |
| | ) | |
| Defendants | ) | |
| and | ) | |
| | ) | |
| SAUNDRA GREEN, wife of | ) | |
| DEFENDANT DANIEL GREEN, and | | |
| OMNI INDUSTRIAL PROPERTIES, INC. | ) | |
| | ) | |
| Rule 19 Defendants | ) | |

* * * * * * * *
ANSWER OF OMNI INDUSTRIAL PROPERTIES, INC.
TO THIRD AMENDED COMPLAINT
* * * * * * * *

Rule 19 Defendant Omni Industrial Properties, Inc. ("Omni Industrial") states as follows for its answer to the Third Amended Complaint:

1.   Omni Industrial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 of the Third Amended Complaint and therefore denies the same.

2.   Omni Industrial admits the allegations contained in Paragraph 13 of the Third Amended Complaint.

3. Omni Industrial denies all allegations contained in Paragraph 14 of the Third Amended Complaint.

4. Omni Industrial denies all allegations contained in Paragraph 15 of the Third Amended Complaint except admits that Defendant L.W.G. Co., Inc. (LWG) sold, for fair consideration, property located at 9461 Le Saint Drive, Fairfield, Ohio to Omni Industrial in April 1994.

5. Omni Industrial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 of the Third Amended Complaint and therefore denies the same.

6. Omni Industrial denies all allegations contained in Paragraph 39 of the Third Amended Complaint, except admits that in April 1994, Defendant LWG sold its property located at 9461 Le Saint Drive, Fairfield, Ohio to Omni Industrial for fair consideration.

7. Omni Industrial denies all allegations contained in Paragraph 40 of the Third Amended Complaint.

8. Omni Industrial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 41, 42, 43, 44 and 45 of the Third Amended Complaint and therefore denies the same.

9. Omni Industrial denies the allegations contained in Paragraph 46 of the Third Amended Complaint except admits that it has not paid the United States for any costs incurred at the Site.

10. With respect to Paragraph 47 of the Third Amended Complaint, Omni Industrial reasserts its responses to Paragraphs 1 through 46 of the Third Amended Complaint as if fully set forth herein.

11. Omni Industrial denies all allegations contained in Paragraph 48 of the Third Amended Complaint, except states that Section 107(a) of CERCLA, 42 U.S.C. §9607(a) speaks for itself.

12. Omni Industrial states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 49, 50, 51, 52, 53, 54 and 55 of the Third Amended Complaint and therefore denies the same.

13. Omni Industrial denies all allegations contained in Paragraphs 56, 57 and 58 of the Third Amended Complaint.

## **DEFENSES**

1. Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Third Amended Complaint is barred in whole or in part by the affirmative defense of statute of limitations.

3. Plaintiff's claims within the Third Amended Complaint are barred by the affirmative defenses of laches, waiver and estoppel.

4. Omni Industrial reserves the right to amend its answer to assert additional affirmative defenses and/or third-party claims as appropriate.

WHEREFORE, Defendant Omni Industrial, requests that the Court:

a. Dismiss the Third Amended Complaint, with prejudice;

b. Award Omni Industrial its reasonable attorneys fees; and

c. Award Omni Industrial all other relief to which it may be entitled.

        Respectfully Submitted,


        <u>David A. Owen</u>
        Philip J. Schworer (0036982)
        Greenebaum Doll & McDonald PLLC
        2800 Chemed Center
        255 East Fifth Street
        Cincinnati, Ohio 45202-4728

        David A. Owen
        Kelly A. Dant
        Greenebaum Doll & McDonald PLLC
        300 W. Vine Street, Suite 1100
        Lexington, Kentucky 40507

        COUNSEL FOR DEFENDANT
        OMNI INDUSTRIAL PROPERTIES, INC.

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Benjamin Fisherow
Deputy Chief
Jeffrey A. Spector
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station,
P.O. Box 7611
Washington, DC 20004

Gregory G. Lockhart
United States Attorney
Southern District of Ohio
Gerald F. Kaminski
Deputy Civil Chief
Office of the United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Richard R. Wagner
Associate Regional Counsel
U.S. Environmental Protection Agency-Region 5
77 West Jackson Blvd.
Chicago, IL 60604

David J. Schmitt
Cors & Bassett
537 E. Pete Rose Way
#400
Cincinnati, Ohio 45202

on this 22nd day of July, 2005.

                                    /s/ David A. Owen
                                    COUNSEL FOR DEFENDANT

Lex.684571.1