UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|    Plaintiff,   ) | |
| ) | |
|      v.   ) | Civil Action No. 1:00cv637 |
| ) | |
| DANIEL GREEN; L.W.G. CO., INC. f/k/a ) | |
| GREEN INDUSTRIES, INC.; THE   ) | |
| ESTATE OF MAURICE GREEN; and   ) | |
| DANIEL GREEN IN HIS CAPACITY AS   ) | |
| THE PERSONAL REPRESENTATIVE OF )| |
| THE ESTATE OF MAURICE GREEN;   ) | |
| ) | |
|    Defendants,   ) | |
| ) | |
| and   ) | |
| ) | |
| SAUNDRA GREEN, wife of   ) | |
| DEFENDANT DANIEL GREEN, and   ) | |
| OMNI INDUSTRIAL PROPERTIES, INC., ) | |
| ) | |
|    Rule 19 Defendants.   ) | |

## CONSENT DECREE

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at a site formerly owned by Green Industries, Inc., located at 3603 East Kemper Road in Sharonville, Hamilton County, Ohio ("the Site").

B. The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States has reviewed the Financial Information submitted by Settling Defendants to determine whether the Settling Defendants are financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that the Settling Defendants are able to pay the amounts specified in Section VI.

D. The United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over the Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon the Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

2

b. "Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and the appendix, this Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Financial Information" shall mean those financial documents identified in Appendix A.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and the Settling Defendants.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendants" shall mean Daniel Green; the Estate of Maurice Green; Daniel Green in His Capacity as The Personal Representative of The Estate of Maurice Green; and Saundra Green.

n. "Site" shall mean the Green Industries Superfund site, encompassing approximately nine acres, located at 3603 East Kemper Road in Sharonville, Hamilton County, Ohio.

3

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for the Settling Defendants to make a cash payment to address their liability for the Site as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5. Within 30 days of entry of this Consent Decree, Settling Defendants shall pay to the EPA $100,000.

6. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2000V01046, the EPA Region and Site Spill ID Number A508, and DOJ Case Number 90-11-2-06906. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Southern District of Ohio following lodging of the Consent Decree. Any payment received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

> Comptroller (MF-10J)
> U.S. EPA Region 5
> 77 W. Jackson Blvd.
> Chicago, IL 60604-3590

8. The total amount to be paid pursuant to Paragraph 5 shall be deposited in the EPA Hazardous Substance Superfund.

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

9. Interest on Late Payments. If the Settling Defendants fail to make any payment under Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

4

10. Stipulated Penalty.

a. If any amounts due under Paragraph 5 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $500 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number A508, and DOJ Case Number 90-11-2-06906, and shall be sent to:

> U.S. Environmental Protection Agency
> Program Accounting & Analysis Section
> P.O. Box 70753
> Chicago, IL 60673

c. At the time of each payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

> Comptroller (MF-10J)
> U.S. EPA Region 5
> 77 W. Jackson Blvd.
> Chicago, IL 60604-3590

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified the Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, the Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

5

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse the Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

14. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against the Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, this covenant shall take effect upon receipt by EPA of all amounts required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendants. If the Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendants shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Paragraph 21 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendants' false or materially inaccurate information. This covenant not to sue extends only to the Settling Defendants and does not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 14. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against the Settling Defendants with respect to:

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability, based upon a Settling Defendant's ownership or operation of the Site, or upon a Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at

or in connection with the Site, after signature of this Consent Decree by the Settling Defendants; and

      e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

      16. Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendants, or the financial certification made by Settling Defendants in Paragraph 26, is false or, in an material respect, inaccurate.

## X. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

      17. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

      a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Ohio Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

      Except as provided in Paragraph 19 (Waiver of Claims) and Paragraph 23 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 16 (c) - (e), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

      18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

      19. Settling Defendants agree not to assert any CERCLA claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other person.

7

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20. Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 19, the Parties expressly reserve any and all rights, defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendants coming within the scope of such reservations.

22. Settling Defendants agree that, with respect to any suit or claim for contribution brought against any of them for matters related to this Consent Decree, such Settling Defendant will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendants shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

8

## XII. RETENTION OF RECORDS

24. Until ten years after the entry of this Consent Decree, Settling Defendants shall preserve and retain all records now in their possession or control, or which come into their possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

25. After the conclusion of the document retention period in the preceding paragraph, any Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, such Settling Defendant shall deliver any such records to EPA. A Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If any Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name and title of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

26. Each Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site, and that it has fully complied with any and all requests for information from the United States regarding the Site and Settling Defendant's financial circumstances; and

b. submitted to the United States Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time Settling Defendant executes this Consent Decree.

## XIII. NOTICES AND SUBMISSIONS

27. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants respectively.

As to the United States:

9

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-06906)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Richard C. Karl, Director
Superfund Division (S-6J)
U.S. EPA, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604-3590

and

Richard R. Wagner
Office of Regional Counsel
U.S. EPA, Region 5
77 W. Jackson Blvd.
Mail Code C-14J
Chicago, IL 60604

As to Settling Defendants:

David Owen, Esq.
GREENEBAUM, DOLL & MCDONALD PLLC
300 West Vine Street, Suite 1100
Lexington, KY 40507

## XIV. **RETENTION OF JURISDICTION**

28. This Court shall retain jurisdiction over this matter for the purpose of interpreting
and enforcing the terms of this Consent Decree.

## XV. INTEGRATION / APPENDIX

29. This Consent Decree and its appendix constitute the final, complete and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree:

"Appendix A" is a list of the financial documents submitted to EPA by Settling Defendants.

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

31. If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES / SERVICE

32. Each undersigned representative of the Settling Defendants to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33. Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

34. Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

11

## XVIII. **FINAL JUDGMENT**

35.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS ____ DAY OF _____, 2006.

United States District Judge Dlott

12

THE UNITED STATES AND PARTIES enter into this Consent Decree in the matter of <u>United States v. Daniel Green, et al.</u>, Case No. C-1-00-637 (S.D. Ohio), relating to the Green Landfill Site.

FOR THE UNITED STATES OF AMERICA

1/9/06
Date

THE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

1/31/06
Date

JEFFREY A. SPECTOR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

13

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Daniel Green, et al., (Case No. C-1-00-637 (S.D. Ohio), relating to the Green Industries Site

FOR THE UNITED STATES OF AMERICA

11/28/05
Date

THOMAS V. SKINNER
Regional Administrator
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Boulevard
Chicago, IL 60604

11/4/05
Date

BERTRAM C. FREY
Acting Regional Counsel
U.S. Environmental Protection Agency,
Region 5
77 W. Jackson Boulevard
Chicago, IL 60604

11/4/05
Date

RICHARD R. WAGNER
Senior Attorney
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Boulevard
Chicago, IL 60604

13

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Daniel Green, et al.*, Case No. C-1-00-637 (S.D. Ohio), relating to the Green industrial site:

FOR DANIEL GREEN, THE ESTATE OF MAURICE GREEN, AND DANIEL GREEN IN HIS CAPACITY AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF MAURICE Green:

Date: 05/19/05

_____
Daniel Green

FOR SANDRA GREEN:

Date: _____

_____
Sandra Green

Agent Authorized to Accept Service on Behalf of Above-signed Parties

Name: _____

_____

Address: _____

14

APPENDIX A

Financial documents submitted for review by the United States to determine whether the Settling Defendants are financially able to pay response costs incurred at the Site:

- Financial Statement of Debtor completed by Daniel Green;

- U.S. Income Tax Return for Daniel Green - 2003;

- U.S. Income Tax Return for Daniel Green - 2001;

- U.S. Income Tax Return for Daniel Green - 2000;

- U.S. Income Tax Return for Hard Surface Technology, Inc. - 2003;

- U.S. Income Tax Return for Hard Surface Technology, Inc. - 2002;

- U.S. Income Tax Return for Hard Surface Technology, Inc. - 2001;