

**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Enforcement Section*
P.O. Box 7611
Washington, DC 20044-7611

*Telephone (202) 305-2332*
*Facsimile (202) 616-6584*

November 28, 2000

**VIA CERTIFIED MAIL**

Omni Industrial Properties, Inc.
c/o Steven Marcum, Registered Agent
9461 LeSaint Drive
Fairfield, OH 45014

Re: <u>United States v. Daniel Green et al.</u>,
    Civil Action No. C-1-00-637 (S.D. Ohio)

Dear Mr. Marcum:

This letter is to inform you of a civil action that has been commenced against Daniel Green, L.W.G. Corporation, Inc. f/k/a Green Industries Inc., the Estate of Maurice Green and Daniel Green in his capacity as the personal representative of the Estate of Maurice Green. On August 7, 2000, the United States Department of Justice, acting on behalf of the United States Environmental Protection Agency ("EPA") filed suit in the United States District Court for the Southern District of Ohio, Western Division, alleging that these parties are jointly and severally liable for over $3,000,000.00 in costs incurred by the EPA in conducting response actions in response to the release or threatened release of hazardous substances at a former electroplating facility located at 3603 East Kemper Road in Sharonsville, Ohio ("the Site"). This action was filed pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986. An amended complaint was filed in this action on October 16, 2000, and is attached for your review.

Among other things, the complaint alleges that Daniel Green and Maurice Green so controlled and dominated the daily activities of L.W.G. Co., Inc., f/k/a Green Industries, Inc., that they were in essence alter-egos of that entity. In addition, the complaint alleges that L.W.G. Co., Inc., f/k/a/ Green Industries, Inc., failed to observe corporate formalities, and corporate funds were diverted for the personal use of Daniel Green and Maurice Green. The complaint also alleges that, on information and belief, Daniel Green fraudulently transferred



EXHIBIT 5

LWG 101986

assets within the meaning of Sections 3301(2) and 3301(6) of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3301(2) and 3301(6), that will subsequently be discovered during the pendency of this action.

The United States is continuing its investigation into the relationship between Omni Industrial Properties, Inc. and the parties already named as defendants in this lawsuit. Due to the complexity of the corporate relationships created by Daniel Green and Maurice Green, the United States has not yet stated a claim against Omni Industrial Properties, Inc. on a successor liability theory, an alter-ego theory, a diversion of funds theory, a fraudulent transfer theory or any other applicable legal theory. This letter provides you notice that if, during the course of discovery in this lawsuit, information comes to light that supports such a theory, the United States will seek to add Omni Industrial Properties, Inc. as a defendant in this lawsuit pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

If you have any questions or concerns, I can be reached at the address and phone number above.

Very truly yours,

Stacey H. O'Bryan
Trial Attorney
Environmental Enforcement Section
Environment and Natural
    Resources Division
United States Department of Justice

cc: Myron Wolf (without enclosure)
    120 North Second Street
    P.O. Box 741
    Hamilton, Ohio 45012

    David Owen (without enclosure)
    GREENEBAUM DOLL & McDONALD PLLC
    333 West Vine Street
    Suite 1400
    Lexington, Kentucky 40507-1665

LWG 101987