Westlaw.

53 F.3d 331 Page 1

53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.
NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, Wisconsin, Plaintiff-Appellant, Cross-Appellee,
v.
Marillyn Cox JOSLYN; Robert Bruce Joslyn; and Bruce W. Cox, Defendants-Appellees, Cross-Appellants.
**Nos. 93-4266, 93-4295, 93-4332.**

May 8, 1995.

On Appeal from the United States District Court for the Northern District of Ohio, No. 93-00731; David D. Dowd, Jr., Judge.
N.D.Ohio [ON SUBSEQUENT APPEAL, 12 F.3d 213].

AFFIRMED.

**Before: JONES, CONTIE, and MILBURN, Circuit Judges.**

**PER CURIAM.**
*1 Plaintiff-Appellant and Cross-Appellee Northwestern National Insurance Company ("NNIC") is appealing the district court's Federal Rule of Civil Procedure 12(c) dismissal of its fraudulent conveyance claim against Defendants-Appellees and Cross-Appellants Marilyn Cox Joslyn, her brother Bruce W. Cox, and her son Robert Bruce Joslyn. NNIC is also appealing the district court's denial of its Motion to Alter or Amend the Judgment and its Motion for Leave to Amend the Complaint. The Defendants are cross-appealing the district court's determination that the applicable statute of limitations began to run when the property transfers were actually discovered instead of when they were publicly recorded. We affirm the decisions of the district court.

**I.**

NNIC is a corporation authorized to transact bonding and surety business. On December 6, 1983, Marilyn Joslyn executed an indemnity agreement in favor of NNIC in order to obtain the issuance of NNIC's bond with respect to her investment in Bates Energy Associates, Inc. ("Bates"). On October 25, 1984, she executed another indemnity agreement in favor of NNIC in order to obtain the issuance of NNIC's bond with respect to her investment in Lewiston Steam & Power Associates ("Lewiston"). In the application for both bonds, Marilyn disclosed her ownership of the residence at 2895 Pioneer Trail, Hudson, Ohio.

Subsequently, Bates and Lewiston defaulted on notes guaranteed or assumed in part by Marilyn Joslyn, and those entities filed bankruptcy petitions. NNIC paid the obligees of the notes and NNIC's bonds on behalf of Marilyn Joslyn. Thus, NNIC claims that it was a creditor of Marilyn Joslyn when in May 1986, she established a revocable intervivos trust, with her Hudson, Ohio residence and adjacent property serving as the trust *res*.

On May 19, 1986, Marilyn allegedly executed quit-claim deeds on the realty to her brother Bruce Cox, as trustee, and the deeds were recorded on June 25, 1986. On June 17, 1988, Cox, as trustee, executed a fiduciary deed with respect to the same realty to Robert Joslyn, Marilyn's son, and this deed was recorded on August 4, 1988. As of the time of this appeal, Marilyn and her son still resided in the house situated on the realty.

During a deposition of Marilyn Joslyn on April 3,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

53 F.3d 331                                                                                                                    Page 2

53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

1989, in connection with litigation over the Bates bond, NNIC allegedly first discovered the existence of the trust. As a result of this discovery, NNIC commenced this action against the Defendants on April 2, 1993, based on two grounds. The first claim alleged that the 1986 and 1988 conveyances were fraudulent because Marilyn was rendered insolvent by them, see Ohio Rev. Code Ann. § 1336.04(A)(2) (Anderson 1991), and the second claim for relief alleged that Marilyn acted with actual fraudulent intent in making the conveyance, with the knowledge of Bruce Cox and Robert Joslyn, see Ohio Rev. Code Ann. § 1336.04(A)(1) (Anderson 1991). NNIC sought to annul the transfers by deed and prayed for compensatory damages.

*2 Alleging that the complaint was barred by the applicable statute of limitations and that NNIC had a reasonable opportunity to discover the purported fraudulent conveyances due to the public recording of the deeds, the Defendants filed motions for judgment on the pleadings, Fed. R. Civ. P. 12(c). See Ohio Rev. Code Ann. § 1336.09 (Anderson 1991) (denoting four-year or one-year statute of limitations depending on circumstances of fraudulent transfer); Ohio Rev. Code Ann. § 2305.09 (Anderson 1991) (denoting four-year statute of limitations for cause of action based on fraud). The commencement of the action was seven years and five years, respectively, after the transfers by deed. Neither NNIC's original complaint nor the memorandum in opposition to the motions for judgment on the pleadings stated when the alleged fraudulent conveyances were discovered or otherwise explained NNIC's failure to comply with the asserted four-year statute of limitations. Moreover, after the motions were filed, NNIC took no prompt action to amend its complaint to include an allegation that the purported fraudulent conveyances were discovered at any time after the 1986 and 1988 dates appearing in the complaint.

The district court granted the Defendants' motions for judgment on the pleadings on August 17, 1993. After ruling that the four-year statute of limitations of section 2305.09(C) [FN1] of the Ohio Revised Code was applicable to this action, the court rejected the Defendants' contention that NNIC constructively discovered the alleged fraudulent conveyances on the dates that the transfers were recorded. Instead, the court held that the statute of limitations began to run when the transfers were actually discovered. Nevertheless, because NNIC made no allegation of any failure to discover the fraudulent conveyances immediately upon their being recorded, the court held that the claims were time-barred, since they were not filed within four years of the date of the last recording, August 4, 1988.

> FN1. Section 2305.09 of the Ohio Revised Code states the following:
> An action for any of the following causes of action shall be brought within four years after the cause thereof accrued:
> ....
> (C) For relief on the ground of fraud;
> ....
> If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.
> Ohio Rev. Code Ann. § 2305.09 (Anderson 1991). The district court held that section 1336.09 of the Ohio Revised Code (effective September 28, 1990) could not be applied to this case because it would represent an impermissible retroactive application of the statute. J.A. at 49 (citing Ohio Const. art. II, § 28 and *Gregory v. Flowers,* 290 N.E.2d 181 (Ohio 1972)).

After the case was dismissed, NNIC moved to amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), and for the first time requested leave to amend its complaint, pursuant to Federal Rule of Civil Procedure 15(a), to include an allegation that the transfers were not discovered until the April 3, 1989 deposition of Marilyn Joslyn. The district court denied these motions. This appeal followed.

II.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

53 F.3d 331 Page 3

53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

*3 We begin by addressing the issue that the Defendants raise on cross-appeal: whether the statute of limitations in section 2305.09(C) of the Ohio Revised Code commences from the date on which a fraudulent conveyance is constructively discovered--when the deed transferring title to the real property is publicly recorded--or from the date on which the fraudulent conveyance is actually discovered. We review questions of law or statutory interpretation *de novo. See United States v. Brown,* 915 F.2d 219, 223 (6th Cir. 1990); *Waxman v. Luna,* 881 F.2d 237, 240 (6th Cir. 1989).

We find the Ohio Supreme Court's decision in *Stivens v. Summers,* 67 N.E. 884 (Ohio 1903), to be controlling. In the context of creditors' claims of a fraudulent conveyance, the *Stivens* court stated the following regarding section 4982, the precursor of section 2305.09:

In section 4982, Rev. St. 1892, which limits to four years actions for relief on the ground of fraud, the saving clause, "but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud," embraces actions to set aside deeds which are constructively fraudulent as to creditors of the grantor.

The clause does not contemplate a constructive discovery, and the cause of action does not accrue when the fraudulent deed is filed for record, unless the plaintiff then receives actual notice of its execution, and of the circumstances which render it fraudulent.

*Stivens,* 67 N.E. at 884 (syllabus of the court). Although section 2305.09 might allow for a constructive discovery in other contexts, we conclude in light of *Stivens* that the recording of a deed does not constitute discovery for purposes of section 2305.09 unless a plaintiff receives actual notice of its execution and of the circumstances that rendered it fraudulent. The Defendants do not allege satisfaction of the latter conditions. Thus, the district court did not err in holding that constructive notice or recording of the deeds did not constitute actual notice for purposes of the accrual of NNIC's fraud claims, and the Defendants' cross-appeal is not well taken.

### III.

NNIC contends, on several grounds, that the district court erred when it granted the Defendants' motions for judgment on the pleadings. First, NNIC argues that the district court erred in holding that NNIC's complaint, in order to be timely filed, must have alleged that the fraud was not discovered until April 2, 1989. NNIC claims that the court's ruling impermissibly required them to anticipate the Defendants' affirmative defense of statute of limitations. We disagree.

This court in *Hoover v. Langston Equipment Assocs., Inc.,* 958 F.2d 742 (6th Cir. 1992), noted that a dismissal based upon the statute of limitations is proper where the face of the complaint reveals that the time for filing has lapsed without explanation for the delay, such as a justifiable delay in discovery of the claim. The *Hoover* court stated that "when the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute [of limitations] by saying nothing." *Id.* at 745; *accord Campbell v. Upjohn Co.,* 676 F.2d 1122 (6th Cir. 1982); *Stewart Coach Indus., Inc. v. Moore,* 512 F. Supp. 879, 886 (S.D. Ohio 1981) (" When a complaint affirmatively indicates that the alleged fraud occurred at a remote time, such that it would ordinarily be barred by the statute of limitations, it becomes the duty of the plaintiff who seeks to rely on the 'discovery rule' to affirmatively and particularly plead the date of discovery as a material averment under F.R.C.P. 9(b), (f) or face dismissal of the complaint."). Federal Rule of Civil Procedure 9(b) states that " [i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." We find that the date on which an alleged fraud occurred is a "circumstance" of the fraud that should be pled with particularity, especially when the face of the complaint reveals that the complaint is filed after the applicable statute of limitations has run and the viability of the claim is totally dependent on a late discovery rule.

*4 NNIC's complaint was filed on April 2, 1993, almost seven years and five years, respectively, after the dates of the alleged fraudulent

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

53 F.3d 331 Page 4
53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

conveyances. Thus, the face of the complaint affirmatively indicated that it had been filed more than four years after the fraudulent conveyances occurred. *See* J.A. at 11, 15. Yet, we find nothing in NNIC's complaint that would justifiably toll the running of the statute of limitations for a fraudulent conveyance action. NNIC did not mention delayed discovery of the fraud or provide a date of discovery. Moreover, even if NNIC had not considered the statute of limitations in its original complaint, it certainly became aware of the potential problem when the Defendants filed their Rule 12(c) motions. Still, NNIC made no attempt to amend its original complaint to purport a late discovery theory or to offer a discovery date until several months later, after the district court had rendered its judgment. In light of the aforementioned authorities, we find NNIC's first assignment of error to be meritless.

Next, NNIC argues that it should not have had to plead the date of discovery of the fraudulent conveyance because Official Form 13, which is used for a complaint to set aside fraudulent conveyances under Federal Rule of Civil Procedure 18(b) and expressly declared to be sufficient by Federal Rule of Civil Procedure 84, does not contain any allegation with respect to the date of discovery of a fraudulent conveyance. NNIC Br. at 14. This argument fails because Official Form 13 is obviously used for a fraud claim that is timely filed; that is why the form makes no mention of a discovery date. When the complaint is untimely, and the plaintiff is relying on a discovery rule, the date of the discovery should be pled. *See Stewart Coach Indus.*, 512 F. Supp. at 886.

NNIC also contends that the district court erred "by speculating that the latest date by which the fraud was discovered was August 4, 1988, the recording date of the Fiduciary Deed." NNIC Br. at 15. This contention also lacks merit. Under a Rule 12(c) motion, the court is restricted to considering only the pleadings, and all well-pleaded allegations must be taken as true. *Southern Ohio Bank*, 479 F.2d at 480. In finding the date of discovery to be August 4, 1988, the court correctly limited itself to the pleadings. NNIC made no allegation of failure to discover the fraudulent conveyances upon their being recorded, and the court could not supply any such allegation. Thus, the court justifiably inferred from the face of the complaint that the very latest date upon which the fraud was discovered was August 4, 1988, the last recording date.

In addition, NNIC claims that the district court's dismissal of its claim was *sua sponte* and that the court erred by not giving NNIC notice of the intended dismissal and an opportunity to address the perceived shortcomings in the complaint. NNIC Br. at 16 (citing *Morrison v. Tomano*, 755 F.2d 515, 517 (6th Cir. 1985). Contrary to NNIC's allegation, this case has not come before this court as the result of a *sua sponte* dismissal. Indeed, every order that the court issued in this case was prompted by a motion from a party, which was in due course responded to by the nonmoving party(s), and the district court never issued an order *sua sponte* throughout the entire proceedings. Because the reasoning and authorities cited by the NNIC are in the context of *sua sponte* dismissals, they are not applicable to this case.

*5 Finally, NNIC argues that the district court erred by basing its judgment "on an untrue matter outside the pleadings, and by not giving [NNIC] a reasonable opportunity to present Rule 56 materials." NNIC Br. at 17. NNIC contends that the district court's finding that August 4, 1988, was the latest date by which the alleged fraud was discovered, was a matter outside the pleadings. Rule 12(c) does provide that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(c). Contrary to NNIC's belief, the court did not transcend the pleadings to make its finding regarding the discovery of the fraud. In fact, the recording of the deed on August 4, 1988, was the latest date that NNIC offered in the pleadings in connection with the fraudulent conveyances, and the court properly limited itself to the pleadings in making its discovery determination.

Based on the foregoing analysis, we hold that the district court did not err in granting the Defendants'

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

53 F.3d 331                                                                                              Page 5
53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

motions for judgment on the pleadings.

### IV.

Following the district court's grant of the Defendants' Rule 12(c) motions for judgment on the pleadings, NNIC filed a motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the court's judgment by vacating it and denying the Defendants' motions. J.A. at 128. The district court denied the motion, and NNIC contends that the district court erred in denying the Rule 59(e) motion. The standard of review for a district court's denial of a motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), is whether the court abused its discretion. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir. 1982).

On appeal NNIC advocates the same arguments regarding this issue as it did under the previous assignment of error. Because the previous arguments lacked merit, we find that the district court did not abuse its discretion in denying NNIC's Rule 59(e) motion to alter or amend the judgment.

### V.

In the alternative, NNIC moved the district court, pursuant to Rule 59(e), to conditionally amend its judgment to allow NNIC, pursuant to Federal Rule of Civil Procedure 15(a),[FN2] to file an amended complaint within 15 days. NNIC stated that the amended complaint would allege NNIC's discovery of the fraudulent conveyances within four years of April 2, 1993. J.A. at 128-29.

> FN2. Federal Rule of Civil Procedure 15(a) states in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The district court noted that NNIC "had opportunities to seek leave to amend its complaint (notably after the defendants filed motions to dismiss on the ground that the complaint was not timely filed) and failed to do so." Because NNIC did not show good cause for its failure to seek leave to amend prior to the judgment, the district court denied NNIC the relief it requested. Like the denial of a Rule 59(e) motion, the standard of review for a district court's denial of a motion to amend a pleading or complaint, Fed. R. Civ. P. 15(a), is abuse of discretion. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

*6 Generally speaking, the Sixth Circuit is very liberal in allowing amendments to a complaint, *see Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987), which is consistent with the language of Rule 15(a) that leave to amend should be "freely given" when justice so requires. This court, however, has recognized that certain factors may warrant the denial of a motion to amend the pleading. These factors include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of the amendment. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), *cert. denied*, 416 U.S. 939 (1974). Normally, in the absence of these factors, leave to amend should be freely given. *Id.*

As the district court noted, NNIC had several months to seek leave to amend its complaint prior to the court's judgment. NNIC certainly was aware of the date when it allegedly discovered the fraud as of the moment it filed its claim, *see* NNIC Br. at 13 n.3; thus, it was not prevented from amending its complaint by a lack of knowledge of the pertinent information. NNIC's delay in seeking leave to amend the complaint until after the district court's judgment was not justified, and we believe it constituted undue delay. Thus, we conclude that the district court did not abuse its discretion in denying NNIC conditional relief from the judgment and in denying NNIC leave to amend its complaint.

### VI.

Based on the foregoing analysis, we **AFFIRM** the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

53 F.3d 331                                                                                                    Page 6
53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))
**(Cite as: 53 F.3d 331)**

rationale and decisions of the district court.

C.A.6 (Ohio),1995.
Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin v. Joslyn
53 F.3d 331, 1995 WL 270995 (C.A.6 (Ohio))

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.