UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO - WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:00-cv-637 |
| ) | |
| DANIEL GREEN, et al., ) | Judge Susan J. Dlott |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF UNITED STATES'
RESPONSE TO PROPOSED UNDISPUTED FACTS**

Pursuant to the *Standing Order Governing Civil Motions for Summary Judgment*, the United States submits its *Response to Proposed Undisputed Facts* as follows:

1. Disputed. From 1978 until dissolution, Daniel Green was the majority shareholder in L.W.G. Co., Inc. (originally known as Green Industries, Inc.). See <u>Order Ruling on Mots. For Summ. J. As to Liability</u> (Doc. 67) at 2-3. As majority shareholder, Daniel Green had legal control of LWG.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Disputed. Under the April 19, 1994 Purchase and Sale Agreement executed by LWG and Omni Industrial, the sole "consideration" provided by Omni Industrial in exchange for the Le Saint Drive Property was its agreement with LWG to pay the $631,500 mortgage (with rents that were coming from another Daniel Green entity). Under the Loan Agreement with 1st

National Bank executed in conjunction therewith, however, neither Omni Industrial nor its sole shareholder, Samuel Green, became liable for that debt.  Rather, Daniel Green and Maurice Green remained individually liable for the mortgage loan, along with LWG.  Thus Omni Industrial really gave nothing for the Property – no cash payment and no true assumption of the legal obligation to 1st National Bank.  See Exs. 6 and 7 to Plaintiff U.S.' Opp'n to Mot. for Summ. J. (filed in conjunction herewith).

7. Admitted.

8. Admitted.

9. Admitted in part and disputed in part due to omission.  In addition to the $200,000 transferred by Daniel Green to his wife's account, Daniel Green stated that he had transferred into his wife's name both his house (worth approximately $200,000) and stock in Afton Development (worth approximately $100,000 - $150,000).  See Reply in Supp. of Pl.'s Mot. for Leave to File Third Am. Compl. (Doc. 65) at Attach. 1.

10. Admitted in part and disputed in part.  The United States disputes that the Record of Interview regarding the March 18, 1999 interview of Beverly Robin Grinstead shows that Ms. Grinstead made comments regarding "the legitimacy of the 1994 sale of the Le Saint Drive property to Omni, including comments that it was improper."  See Ex. 4 to Plaintiff U.S.' Opp'n to Mot. for Summ. J. (filed in conjunction herewith).

11. Admitted.

12. Admitted.

13. Admitted in part and disputed in part.  Mr. Arkell is a Civil Investigator with the United States Environmental Protection Agency, Office of Criminal Enforcement, Forensics and

Training.  The report states that Omni Industrial was incorporated on September 9, 1993 and the Le Saint Drive Property was transferred from LWG to Omni in April 1994.  Doc. 88 at Ex. 4.

      14.     Admitted.

      15.     Admitted.

      16.     Admitted.

      17.     Admitted.

      18.     Admitted.

      19.     Admitted in part and disputed in part.  Upon recollection of counsel, incomplete copies of the Purchase and Sale Agreement and Loan Agreement were produced to the United States on the first day of Daniel Green's deposition, February 11, 2002.  Daniel Green was questioned regarding the documents during the continuation of the deposition the following day.

      20.     Admitted.

      21.     Admitted.

      22.     Admitted.

      23.     Admitted.

      24.     Admitted.

      25.     Admitted.

      26.     Admitted.

//

//

//

//

Signature page for **Plaintiff United States' Response to Proposed Undisputed Facts** filed in <u>United States v. Daniel Green</u>, Case No. 1:00-cv-637 (S.D. Ohio).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 21, 2006 | SUE ELLEN WOOLDRIDGE |
|  | Assistant Attorney General |
|  | Environment and Natural Resources Division |
|  | United States Department of Justice |

    s/ Jeffrey A. Spector
JEFFREY A. SPECTOR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 76ll
Washington, D.C.  20044-7611
Tel: (202) 514-4432
Fax: (202) 616-6584

GREGORY G. LOCKHART
United States Attorney
GERALD F. KAMINSKI (OO12532)
Deputy Civil Chief
Office of the United States Attorney
221 East Fourth Street, Suite 400,
Cincinnati, OH  45202
Tel:  (513) 684-3711
Fax:  (513) 684-6710

OF COUNSEL:

RICHARD R. WAGNER
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Blvd.
Chicago, IL  60604
(312) 886-7947

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 21, 2006 I electronically filed the foregoing **Plaintiff United States' Response to Proposed Undisputed Facts** with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

David A. Owen (dao@gdm.com)
Counsel for L.W.G. Co., Inc. and Omni Industrial Properties, Inc.

                /s/ Jeffrey A. Spector
                Jeffrey A. Spector
                Trial Attorney
                Environmental Enforcement Section
                Environment and Natural Resources Division
                U.S. Department of Justice
                P.O. Box 76ll
                Washington, D.C.  20044-7611
                Tel: (202) 514-4432
                Fax: (202) 616-6584