UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. C-1-00-637 |
| v. ) | |
| ) | |
| L.W.G. CO., INC. f/k/a GREEN INDUSTRIES ) | |
| INC., THE ESTATE OF MAURICE GREEN ) | Judge Susan J. Dlott |
| and DANIEL GREEN IN HIS CAPACITY AS ) | |
| THE PERSONAL REPRESENTATIVE OF THE ) | |
| ESTATE OF MAURICE GREEN, ) | |
| ) | |
| Defendants ) | |
| and ) | |
| ) | |
| ) | |
| OMNI INDUSTRIAL PROPERTIES, INC., ) | |
| ) | |
| Rule 19 Defendant. ) | |

\* \* \* \* \* \* \* \* \* \*
**REPLY IN SUPPORT OF OMNI INDUSTRIAL PROPERTIES INC.'S
MOTION FOR SUMMARY JUDGMENT**
\* \* \* \* \* \* \* \* \* \*

Third Party Defendant Omni Industrial Properties, Inc. ("Omni") submits this Reply in Support of its Motion for Summary Judgment.

**ARGUMENT IN REPLY**

In response to Omni's Motion for Summary Judgment, Plaintiff argues that Judge Watson's prior ruling on Plaintiff's motion for leave to amend established the law of this case and, therefore, that Plaintiff's claim against Omni is not time barred.[1] (Response at pp. 9-13 and pp.16-17). Plaintiff's argument ignores the evidence obtained in discovery subsequent to the Court's ruling on the Motion to Amend, including the November 2000 letter that demonstrates

---

[1] Plaintiff also makes a number of incorrect statements about the record evidence. Since those assertions do not impact the current motion, Omni will not address them here.

that the United States had every reason to know and in fact was actively investigating a potential fraudulent transfer claim against Omni in late 2000. Plaintiff also misapplies the law.

      A.      The "Law of the Case" Doctrine Does Not Apply to Omni's Motion for Summary Judgment.

The "law of the case" doctrine neither applies here nor limits this Court's consideration of the current statute of limitations defense. The prior ruling of the Court on which Plaintiff relies was rendered on a motion for leave to amend. In response to that motion, Omni argued that leave should be denied because the claim would futile and could not withstand a motion to dismiss – i.e., under any set of facts Plaintiff could not prevail. The current procedural posture is one of <u>summary judgment</u>, following discovery, based on the merits as reflected by the undisputed facts. In this different procedural posture, the Court is in no way restricted by the prior ruling

      Regardless, the "law of the case" doctrine applies only to the <u>final</u> rulings of an <u>appellate court</u> in a subsequent stage of the litigation on remand or on subsequent appeal after the remand. <u>Westside Mothers v. Olszewski</u>, ___ F.3d ___, 2006 WL 1976057, at p. 4 (6th Cir. 2006) (where the Sixth Circuit Court of Appeals summarized the doctrine as recently as July 17, 2006). The cases cited by Plaintiff recognize this limitation. In each case cited, the holding at issue and to which the Court's discussion of the "law of the case" doctrine was limited, related to a prior final ruling or holding by an appellate court and whether that ruling could be re-raised or revisited on a subsequent appeal after remand. <u>Scott v. Churchill</u>, 377 F.3d 565, 569-70 (6th Cir. 2004) (regarding effect of prior decision of previous Sixth Circuit panel, where case was on appeal after remand); <u>Coal Res., Inc. v. Gulf & W. Indus. Inc.</u>, 865 F.2d 761 (6th Cir. 1989) (regarding effect of ruling in "first appeal" where case was on appeal after remand); <u>Kori Corp. v. Wilco</u>

Marsh Buggies and Draglines, Inc., 761 F.2d 649 (Fed. Cir. 1985) (holding that Court could not revisit a decision that was affirmed in the previous appeal of the case, before remand).

Even if this were a reconsideration of the Court's grant for leave to amend, which it is not, the "law of the case" doctrine does not bar a court from revisiting, in its sound discretion, prior interlocutory rulings it has rendered. See Fed. Rules of Civil Proc. 54(b) ("any order or other form of decision however designated . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and rights of all the parties"); see also Gillig v. Advanced Cardiovascular Sys., 67 F.3d 586, 589 (6th Cir.1995). Prejudgment orders remain interlocutory and can be reconsidered at any time.") (Citation omitted). The "law of the case" doctrine does not preclude a district court from reconsidering before final judgment an issue it has previously addressed, and courts regularly refuse to apply the law of the case doctrine to preclude review of various prejudgment rulings. See, e.g., In re: Air Crash Disaster, 86 F.3d 498, 517-18 (6th Cir.1996) (reconsidering rulings about discovery); Gillig, 67 F.3d at 590 (reconsidering preclusive effect of liability release given to employer by plaintiff); Alston v. King, 157 F.3d 1113, 1116 (7th Cir. 1998) (holding that although district court had previously granted summary judgment for the defendant on a claim, court did not violate law of the case principles by submitting that same claim to the jury where evidence supported such action); High Country Arts and Craft Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 634, 635 (4th Cir. 1997) (holding that even if later ruling was inconsistent with prior grant of summary judgment, later ruling was not improper because the court "clearly had the power to change its mind before final judgment").

    B.    Documents Produced in Discovery Demonstrate That Plaintiff had Knowledge of Its Potential Claim Before February 2002 And Therefore the Present Claim is Time-Barred.

On pages 14 through 16 of its response, Plaintiff argues -- in the context of its "law of the case" argument -- that it is the law of this case that Plaintiff's FDCPA claim against Omni did

3

not begin to run until the United States had reason to believe such transfer to be fraudulent. As addressed above, the prior ruling does not constitute the law of the case. Indeed, the Court's earlier ruling on Sandra Green's motion for summary judgment (which also presented the same statute of limitations issue) suggested that, consistent with the explicit language of the FDCPA, the statute of limitations begins to run from knowledge of the transfer, not knowledge that the transfer was fraudulent. (See Docket Entry No. 67). The cases cited by the United States in support of the proposition that the United States must learn that the transfer is fraudulent are inapplicable or, in the case of Fidelity National Title Ins. V. Howard Savings Bank, 436 F.3d 836 (7th Cir. 2006), support Omni's Motion. The Joslyn and Stivens cases construed Ohio common and statutory law that expressly provided that the limitations period did not begin to accrue until "discovery of the fraud." No such standard applies here. The Fidelity case cited by the United States, held that the plaintiff's claim was barred by the statute of limitations, because the plaintiff knew of his injury and thus should have known that something was "fishy" when it learned of the transfer. Under this rationale, the United States' claim would clearly be barred here as it has never disputed that it knew of the transfer at issue as early as 1996. Plaintiff also argues that despite the discovery conducted in this litigation, it did not have the requisite knowledge until February 2002, when it deposed Daniel Green. Even assuming the erroneous standard Plaintiff seeks to apply, the discovery conducted in this case in recent months has shown this is simply not true. Indeed, in November of 2000, nearly four years prior to moving to amend, the United States sent a letter directly to Omni via certified mail virtually admitting this fact, stating that the United States was investigating "the relationship between [Omni] and the parties already named as defendants in this lawsuit" and further was investigating claims against Omni including a claim under a "fraudulent transfer theory." (Omni Mem. in Support at Exhibit 5). Plaintiff fails

4

to even mention this letter in its response. In the present case, Plaintiff knew things were "fishy" enough to notify Omni in 2000 that the United States was investigating possible fraudulent transfers in connection with Omni. A statute of limitations provides a time for which a plaintiff to investigate claims of which he is on notice. <u>Fidelity</u>, 436 F.3d at 840-841. Clearly the United States was "on notice" of its claims at least as early as November 2000, thus beginning the two year limitations period set forth by the FDCPA. There simply is no justification for Plaintiff's delay in bringing this action. Omni is entitled to repose and dismissal from this action.

## CONCLUSION

The United States' claim against Omni Industrial Properties, is clearly time barred. Summary Judgment should be granted in favor of Omni.

                                            Respectfully submitted,

/s/ David A. Owen
David A. Owen
Greenebaum Doll & McDonald PLLC
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507

-AND-

Philip J. Schworer (0036982)
Greenebaum Doll & McDonald PLLC
2800 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202-4728

COUNSEL FOR THIRD PARTY DEFENDANT
OMNI INDUSTRIAL PROPERTIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Gerald Francis Kaminski (Gerald.kaminski@usdoj.gov); David J. Schmitt (djs@corsbassett.com); and Jeffrey A. Spector (Jeffrey.Spector@usdoj.gov).

I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

W. Benjamin Fisherow
Deputy Chief
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20004

Gregory G. Lockhart
United States Attorney
Southern District of Ohio
Office of the United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Richard R. Wagner
Associate Regional Counsel
U.S. Environmental Protection Agency – Region 5
77 West Jackson Blvd.
Chicago, IL 60604

/s/ David A. Owen
Counsel for Defendant
Omni Industrial Properties, Inc.

711378_3