**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.1:00-cv-637 |
| Plaintiff, | ) | |
| | ) | Judge Susan J. Dlott |
| v. | ) | |
| DANIEL GREEN, et al., | ) | **FINAL PRETRIAL ORDER** |
| Defendants, | ) | |
| | ) | |

This action came before the Court at a final pretrial conference held on July 18, 2007, at

10:30 a.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

I.      APPEARANCES:

For Plaintiff:

JEFFREY A. SPECTOR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
Jeffrey.Spector@usdoj.gov
(202) 514-4432

RANDALL M. STONE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
Randall.Stone@usdoj.gov
(202) 514-1308

GERALD F. KAMINSKI
Deputy Civil Chief
Office of the United States Attorney
Southern District of Ohio
221 East Fourth Street, Suite 400
Cincinnati, OH 45202
Gerald.Kaminski@usdoj.gov
(513) 684-3711

For Defendant Omni Industrial Properties Inc.:

DAVID A. OWEN
GREENEBAUM DOLL & MCDONALD PLLC
300 W. Vine Street, Suite 1100
Lexington, KY 40507
dao@gdm.com
(859) 288-4663

## II.    NATURE OF ACTION AND JURISDICTION:

A.    The United States brought this case seeking:    (i) recovery of
environmental cleanup costs under the Comprehensive Environmental Response,
Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675; and (ii)
avoidance of an alleged fraudulent transfer of real property pursuant to Sections 3304 and
3306 of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3304 and
3306. In a July 8, 2004 Order, the Court entered partial summary judgment against one
of the remaining Defendants in this case – LWG Company, Inc. ("LWG") – and held that
LWG is jointly and severally liable to the United States under CERCLA for
reimbursement of cleanup costs associated with a contaminated site formerly owned by
LWG. The FDCPA claim for avoidance of an alleged fraudulent transfer from LWG to a
Rule 19 Defendant – Omni Industrial Properties Inc. ("Omni") – is set for trial starting on
August 13, 2007.

B.    The jurisdiction of the Court is invoked under Title 28, United States
Code, Sections 1331 and 1345.

–2–

C.    The jurisdiction of the Court is not disputed.

III.    TRIAL INFORMATION:

A.    The estimated length of trial is two to three days.

B.    Trial to the Court has been set for August 13, 2007, pursuant to the General Order on Trial Assignment.

IV.    AGREED STATEMENTS AND LISTS:

A.    General Nature of the Claims of the Parties

1.    Plaintiff Claims:

The United States has alleged that LWG fraudulently transferred real property located at 9461 Le Saint Drive, Fairfield, Ohio (the "Fairfield Property") to Omni in violation of the FDCPA. More specifically, the United States alleges that LWG transferred the Fairfield Property to Omni with actual intent to hinder, delay, or defraud a creditor within the meaning of the FDCPA, 28 U.S.C. § 3304(b).

The United States seeks to have this Court void the transfer and have the Fairfield Property returned to LWG, so that such asset might be applied in partial satisfaction of LWG's liability to the United States under CERCLA Section 107, 42 U.S.C. § 9607, as previously determined by this Court in its July 8, 2004 Order. LWG is otherwise without assets that could be used reimburse the United States for any portion of the more than $4 million in unreimbursed CERCLA response costs that the U.S. Environmental Protection Agency ("EPA") has incurred in connection with environmental contamination at a site formerly owned by LWG.

2.    Defendant Claims:

Defendant Omni disputes the allegations of the United States and maintains, based on the evidence, that the sale of the Fairfield Property was not for fraudulent

purposes and further was sold for fair value. Moreover, Omni disputes the United States' stated measure of damages. Even if the United States prevails on it claims, void of the transaction thirteen years after the transaction is clearly inequitable.

      B.    Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel:

      1.    LWG Company, Inc. owned and operated a plating facility at 3603 Kemper Road, Sharonville, Ohio (the "Sharonville Site") from 1981 through 1988.

      2.    On or about May 1, 1988, LWG sold the Sharonville Site and most of its operating assets to an unrelated company called HRW Industries ("HRW"), which operated the facility under the name Green Industries Corp. ("GIC"). HRW owned and operated the Sharonville Site until abandoning it in 1995.

      3.    In 1988, LWG purchased 9461 Le Saint Drive, Fairfield, Ohio (the "Fairfield Property") with proceeds from the sale of the Sharonville Site.

      4.    In 1989 and 1991, HRW/GIC filed two lawsuits in the Court of Common Pleas of Hamilton County against LWG and/or its principals (Daniel Green and Maurice Green) relating to the Sharonville Site. Among other things, the complaint in the 1991 lawsuit alleged that the LWG had illegally dumped chromic acid in two hidden sump holes at the Sharonville Site. Both suits were resolved.

      5.    On September 9, 1993, a plea agreement was entered by LWG and Maurice Green, by which LWG and Maurice Green agreed to plead guilty to the felony of having knowingly failed to evaluate waste generated at the Sharonville Site and disposed of such waste at 1924 Dana Ave., Cincinnati, Ohio ("Dana Avenue Site")

-4-

during 1981 and 1982, in violation of Ohio Admin. Code § 3745-52-11 and Ohio Rev. Code §§ 3734.11 and 3734.99.

6.      Pursuant to the September 9, 1993 plea agreement, Maurice Green received a two year suspended prison sentence and was placed on five years probation. LWG and Maurice Green were required to clean up the Dana Avenue Site and reimburse the State of Ohio for its prior expenses relating to the matter. LWG and Maurice Green complied with this requirement.

7.      On September 9, 1993, Omni filed its Articles of Incorporation with the State of Ohio.

8.      In 1994, LWG conveyed the Fairfield Property to Omni.

9.      Daniel Green was the majority shareholder of and an executive officer of LWG.

10.      Daniel Green's brother, Samuel Green, is now and has always been the sole officer, director, and shareholder of Omni. Omni has never had any employees.

11.      The Purchase and Sale Agreement for the Fairfield Property transfer was signed by Daniel Green on behalf of LWG and Samuel Green on behalf of Omni. The sale price on the property was $631,500 to be paid by Omni's assumption of a $631,500 mortgage lien on the property to First National Bank of Warren County.

12.      The Loan Agreement executed in conjunction with the transfer of the Fairfield Property states that LWG and Daniel Green (along with Maurice Green, father of Daniel Green and Samuel Green) remained liable to First National Bank for the approximately $631,500 indebtedness. The Loan Agreement also was signed by Daniel Green on behalf of LWG and Samuel Green on behalf of Omni.

13.     The U.S. Environmental Protection Agency ("EPA") assessed the Sharonville Site for environmental issues in 1995 and found abandoned and deteriorating plating lines containing chemical and plating wastes and abandoned and deteriorating drums containing acids, chemicals and waste sludges.   Inspectors also identified the interior walls, concrete flooring, and sewer system of the abandoned and deteriorating main building as being contaminated by hazardous substances.

14.     Through a contractor, EPA conducted various removal activities addressing environmental contamination at the Sharonville Site between March 1996 and August 1997.   To date, EPA has incurred approximately $4 million in unreimbursed CERCLA response costs relating to the Sharonville Site, including costs of performing the cleanup, enforcement costs, and statutory prejudgment interest.

15.     In May 1996, Daniel Green received a CERCLA § 104(e) Request for Information from U.S. EPA concerning the Sharonville Site.

16.     On June 12, 1996, in response, Daniel Green produced among other information, LWG's corporate tax returns for various years including 1994. LWG's 1994 Tax Return listed the sale of the Fairfield Property for a sale price of $612,043 as occurring in that year.

17.     On November 22, 1996, in connection with an unrelated criminal investigation, Daniel Green was interviewed in a proffer session at the United States Courthouse in Cincinnati, Ohio.   During that session, as documented by a confidential Memorandum Of Interview (previously submitted to the Court by the United States under seal for in camera review), Daniel Green notified the U.S. EPA that Omni purchased the Le Saint Drive Property from LWG in 1994, that Samuel Green, Daniel Green's brother,

was "the owner" of Omni, and that Daniel Green had transferred approximately $200,000.00 into his wife's name.

18.    On March 18, 1999, a United States Enforcement investigator interviewed Ms. Robin Grinstead, a disgruntled former employee of one of the Green companies, regarding various matters related to the United States' investigation of its claims in this matter. A memorandum of that interview was produced March 17, 2006 in this matter.

19.    In June 1999, during its investigation of its potential enforcement claims in this matter, the United States contracted for the performance of a title search related to the Le Saint Drive Property. In addition to other information regarding the property, that title search report details the following information:

- "An Open-end Mortgage for $640,000 was recorded [for the property] in 1991. The borrower was LWG, Co. Inc. and the lender was the First National Bank of Warren County. The mortgage was transferred to Omni when the company acquired the target property in 1994. Finally, Omni recorded a Conditional Assignment of Rents from the target property, naming the First National Bank (of Warren County) as Assignee for the earlier mortgage."

- Sam Green is the President of Omni and was a signatory to the aforementioned Conditional Assignment of Rents.

20.    In August 1999, Reginald Arkell, a Civil Investigator with the United States Environmental Protection Agency, completed a report indicating that Omni was incorporated on September 9, 1993 and that the Le Saint Drive Property was transferred from LWG to Omni in April 1994.

21.     On December 29, 1999, Maurice Green died.

22.     On August 4, 2000, Plaintiff filed its Complaint in this action.  The Complaint contained no allegations against Omni.

23.     On October 16, 2000, Plaintiff filed its First Amended Complaint, adding a fraudulent transfer claim against Saundra Green pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq.  The United States claimed that "in approximately 1990" Daniel Green fraudulently transferred certain assets to his wife.  The First Amended Complaint contained no claims against Omni.

24.     On November 28, 2000, Plaintiff sent a letter to Omni via certified mail, with a copy to counsel for LWG the undersigned, stating "The United States is continuing its investigation into the relationship between Omni Industrial Properties, Inc. and the parties already named as defendants in this lawsuit [which included LWG].  Due to the complexity of the corporate relationships created by Daniel Green and Maurice Green, the United States has not yet stated a claim against Omni Industrial Properties, Inc. on a . . . fraudulent transfer theory or any other applicable legal theory."

25.     On January 9, 2001, counsel for the United States and the United States EPA investigator, Mr. Arkell, conducted another interview of Ms. Robin Grinstead in connection with the further investigation of the United States' claims.  Ms. Grinstead made several allegations regarding an improper relationship between Omni and LWG. She alleged that: all of Maurice Green's and/or Dan Green's companies, including Omni, were all the same company; Dan Green created Omni for the ownership of the Le Saint Drive Property; the Greens set Omni up due to an IRS investigation; none of the

corporations created by the Greens were legitimate; and Dan Green loaned $500,000.00 to another company via Omni.

26.    On January 7, 2002, Plaintiff again amended its Complaint, this time to join HST pursuant to a successor-in-interest theory.

27.    On February 9, 2004, Plaintiff sought leave to file its Third Amended Complaint naming Omni. As permitted by an Order entered on April 6, 2005, the United States' Third Amended Complaint was filed on April 14, 2005.

28.    LWG is insolvent.

C.    Contested Issues of Fact and Law

1.    Contested Issues of Fact: The contested issues of fact remaining for decision are:

a.    Whether LWG's transfer of the Fairfield Property to Omni was made with actual intent to hinder, delay, or defraud a creditor, within the meaning of the FDCPA, 28 U.S.C. § 3304(b)(1)(A)?

b.    Whether LWG's transfer of the Fairfield Property to Omni constituted a transfer to an insider?

c.    Whether LWG retained possession or control of the Fairfield Property after the transfer?

d.    Whether the transfer was disclosed or concealed?

e.    Whether LWG had been sued or threatened with suit before the transfer of the Fairfield Property to Omni was made?

f.    Whether the transfer of the Fairfield Property to Omni was a transfer of substantially all of LWG's assets?

g.    Whether the value of the consideration that was received by LWG was reasonably equivalent to the value of the Fairfield Property transferred to Omni?

h.    Whether LWG was insolvent or became insolvent shortly before or shortly after the transfer of the Fairfield Property to Omni was made?

i.    Whether the transfer of the Fairfield Property to Omni occurred shortly before or shortly after a substantial debt was incurred?

j.    Whether the United States reasonably could have determined the fraudulent nature of the transfer from LWG to Omni more than two years before filing its FDCPA claims in this case?

2.    Issues of Law:

a.    When does the 2 year statute of limitations begin to run?

b.    If the United States prevails on its claims, what is the appropriate measure of relief?

D.    Witnesses

1.    In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

a.    David Combs.   Employed by the Ohio Environmental Protection Agency ("Ohio EPA").   Expected to testify regarding Ohio EPA's investigation of the Dana Avenue Site and Sharonville Site.

b.    Daniel Green (adverse).    Majority shareholder and President of LWG, LWG Finishing Co., and Hard Surface Technology.    Expected to testify regarding LWG's involvement at the Dana Avenue Site and Sharonville Site; the transfer of the Fairfield Property from LWG to Omni; and lease arrangements between LWG Finishing Co. / Hard Surface Technology and Omni.

c.    Samuel Green (adverse).    Sole owner, officer, and director of Omni.    Expected to testify regarding incorporation and operations of Omni.

d.    Bradley Stimple.    U.S. EPA On-Scene Coordinator. Expected to testify regarding environmental conditions and clean-up activities at the Sharonville Site.

e.    Jillora Summers.    President of First National Bank of Warren County.    Expected to testify regarding First National Bank's involvement with LWG, Omni, and the Fairfield Property.

2.    In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial:

a.    Daniel Green.    Majority shareholder and President of LWG, LWG Finishing Co., and Hard Surface Technology.    Expected to testify regarding LWG's involvement at the Dana Avenue Site and Sharonville Site; the transfer of the Fairfield Property from LWG to Omni; and lease arrangements between LWG Finishing Co. / Hard Surface Technology and Omni.

b.    Samuel Green.    Sole owner, officer, and director of Omni. Expected to testify regarding incorporation and operations of Omni.

c.    Jillora Summers.    President of First National Bank of Warren County.  Expected to testify regarding First National Bank's involvement with LWG, Omni, and the Fairfield Property, as well as general financing in the Southern Ohio market.

*Trial Depos*    *Chicago*

d.    Reginald Arkell (adverse).    Civil Investigator, OCEFT. Expected to testify regarding USEPA investigation into LWG, HST, Maurice Green, Daniel Green, Samuel Green and Omni.  The undersigned counsel for the United States is informed that Mr. Arkell is no longer employed by the U.S. Environmental Protection Agency.

e.    Sally Jansen (adverse).    Enforcement Specialist.  Expected to testify regarding USEPA investigation into LWG, HST, Maurice Green, Daniel Green, Samuel Green and Omni.

*Trial Depos*

f.    Kimberly Zanier (adverse).    Financial Analyst, NEIC. Expected to testify regarding USEPA investigation into LWG, HST, Maurice Green, Daniel Green, Samuel Green and Omni.  The undersigned counsel for the United States has reason to believe that Ms. Zanier may no longer be employed by the U.S. Environmental Protection Agency.

3.    There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

E.    Expert Witnesses

Parties are limited to the following number of expert witnesses whose names have been disclosed to the other side.

Plaintiff:  None.

        Defendant:  None.

F.     Exhibits

        Appendix A:   Joint Exhibits

        Appendix B:   Plaintiff Exhibits

        Appendix C:   Defendant Exhibits

G.     Depositions

Testimony of the following witnesses will be offered by deposition/videotape: Beverly Robin Grinstead.

Parties reserve the right to offer testimony of witnesses identified in Section IV. D. above by deposition, if they are unable to secure such witnesses' attendance at trial.

H.     Completion of Discovery

Discovery has been completed.

V.    MODIFICATION

This Final Pretrial Order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

VI.    SETTLEMENT EFFORTS

The parties have previously exchanged settlement demands and offers. The most recent exchange occurred in July of 2007.

## VII.    TRIAL TO THE COURT

**Proposed Findings of Fact & Conclusions of Law**:  Contemporaneously with the submission of this proposed Final Pretrial Order, the parties are separately filing those Findings of Fact and Conclusions of Law that each counsel believes the Court should make.

**IT IS SO ORDERED.**

SUSAN J. DLOTT
United States District Judge

JEFFREY A. SPECTOR
RANDALL M. STONE
Counsel for Plaintiff

DAVID A. OWEN
Counsel for Defendants Omni
Industrial Properties Inc. and LWG
Company, Inc.

—14—

**United States v. Daniel Green, et al.**

**Appendix A – Joint Exhibits**

| | | | |
|---|---|---|---|
| JX-I | 2001/11/15 | 11/2001 FNB Loan Agreement | FNB 0524-525 |
| JX-II | 2001/09/07 | 9/2001  FNB Loan Agreement | FNB 0542-543 |
| JX-III | 2001/08/31 | Letter re renewed loan agreement | FNB 0544-545 |
| JX-IV | 1998/11/26 | Loan History Print-Out | FNB 0562-567 |
| JX-V | 1996/09/17 | Letter re renewed loan agreement | FNB 0573-576 |
| JX-VI | 1994/04/22 | Memo re assignment of rents | FNB 0582 |
| JX-VII | 1994/05/05 | Assignment of Rents | FNB 0583-587 |
| JX-VIII | 1994/04/22 | Letter re Loan Agreement | FNB 0592 |
| JX-IX | 1993/07/01 | 1993 Modification Agreement | FNB 0533 |
| JX-X | 1992/09/03 | 1992 Loan Repayment Agreement | FNB 0594 |
| JX-XI | 1991/09/06 | 1991 Mortgage Note | FNB 0609 - 616 |
| JX-XII | 1991/09/06 | 1991 Mortgage | FNB 0617 -620 |
| JX-XIII | 1994/04/29 | 1994 Warranty Deed | FNB 0627 |
| JX-XIV | 1994/00/00 | Mortgage transfer notes | FNB 708 |
| JX-XV | 1993/11/02 | Feinblanking Lease | FNB 0776 - 805 |
| JX-XVI | 1993/11/02 | LWG Finishing Lease & HST cover letter | Omni 0356 - 0386 |
| JX-XVII | 1993/09/09 | Omni Certificate of Incorporation | Omni 0476 - 479 |
| JX-XVIII | 1993/03/04 | LWG Finishing Lease | FNB 0166 - 169 |
| JX-XIX | 1993/03/04 | Strong Manufacturing Lease | FNB 0170 - 173 |
| JX-XX | 1993/03/04 | Feinblanking Lease | FNB 0174 - 177 |
| JX-XXI | 1993/11/00 | Strong Manufacturing Lease | Omni 0329 - 355 |
| JX-XXII | 1993/10/15 | Omni Corp. Rec.: Feinblanking Lease | Omni 0510 |
| JX-XXIII | 1993/10/15 | Omni Corp. Rec.: Strong Mfg. Lease | Omni 0511 |
| JX-XXIV | 1993/10/15 | Omni Corp. Rec.: LWG Finishing Lease | Omni 0512 |

| JX-XXV | 1994/02/15 | Omni Corp. Rec.: HST Lease | Omni 0513 |
| JX-XXVI | 1993/09/30 | Omni Corp. Rec.: LeSaint Acquisition | Omni 0504 - 506 |
| JX-XXVII | 1994/04/19 | Purchase & Sale Agreement | Omni 0470 - 471 |
| JX-XXVIII | 1993/01/04 | Reed Envt'l Closure Letter | TAD000035-0038 |
| JX-XXIX | 1996/09/19 | 1996 Loan Agreement | FNB 0571 |
| JX-XXX | 1994/04/22 | 1994 Loan Agreement | FNB 0588 - 589 |
| JX-XXXI | 1996/09/19 | S. Green letter | FNB 0572 |
| JX-XXXII | 1994/05/05 | Assignment of Rents | Omni 0458 - 462 |
| JX-XXXIII | 2003/08/11 | Revised Feinblanking Lease | Omni 0298 - 328 |

**United States v. Daniel Green, et al.**

**Appendix B - Plaintiff's Exhibits**

| PX-1 | 2006/01/23 | Omni Loan Statement | FNB 0010 |
|---|---|---|---|
| PX-2 | 2002/10/10 | Credit & Financial Analysis | FNB 0179-180 |
| PX-3 | 1993/10/04 | S. Green Personal Financial Statement (attached to 1995 Tax Return) | FNB 0203-219 |
| PX-4 | 1993/12/30 | Articles of Incorporation: Hard Surface Technology, Inc. | FNB 0232-236 |
| PX-5 | 1997/02/05 | 1995 Statement of Assets. Liabilities, and Equity - LWG | FNB 0255-258 |
| PX-6 | 1993/01/11 | 1992 Statement of Assets. Liabilities, and Equity - LWG | FNB 0273-277 |
| PX-7 | 1988/07/05 | Amendment to Articles of Incorporation: Name change from Green Industries to LWG | FNB 0278-279 |
| PX-8 | 1995/07/07 | M. Green Personal Financial Statement | FNB 0305-306 |
| PX-9 | 2001/11/02 | 2001 Appraisal of LeSaint Dr. Property | FNB 0324-0391 |
| PX-10 | 2001/10/02 | Loan Approval Document | FNB 0510-512 |
| PX-11 | 2001/10/08 | Butler County Tax Appraisal | FNB 0517-521 |
| PX-12 | 1988/06/03 | Name Change Amendment to Articles of Incorporation | FNB 0639 |
| PX-13 | 1988/05/12 | 1988 Warranty Deed | FNB 0647 -650 |
| PX-14 | 1991/09/06 | Resolution re Authority to Execute Loan | FNB 0714 |
| PX-15 | 1991/08/22 | 1991 Appraisal | FNB 0863 - 888 |
| PX-16 | 1995/03/15 | Omni 1994 Tax Return | Omni 0001 - 0025 |
| PX-17 | 1996/03/01 | Omni 1995 Tax Return | Omni 0026 - 0040 |
| PX-18 | 1997/02/20 | Omni 1996 Tax Return | Omni 0041 - 0061 |
| PX-19 | 1998/03/08 | Omni 1997 Tax Return | Omni 0062 - 0082 |
| PX-20 | 1999/02/08 | Omni 1998 Tax Return | Omni 0083 - 0106 |

| PX-21 | 2000/03/04 | Omni 1999 Tax Return | Omni 0107 - 0135 |
|-------|-----------|----------------------|------------------|
| PX-22 | 2001/03/08 | Omni 2000 Tax Return | Omni 0136 - 0154 |
| PX-23 | 2002/02/27 | Omni 2001 Tax Return | Omni 0155 - 0171 |
| PX-24 | 2003/02/21 | Omni 2002 Tax Return | Omni 0172 - 0219 |
| PX-25 | 2004/02/25 | Omni 2003 Tax Return | Omni 0220 - 0261 |
| PX-26 | 2005/00/00 | Omni 2004 Tax Return | Omni 0262 - 0297 |
| PX-27 | 1993/01/11 | Appraisal Letter | TAD000008 |
| PX-28 | 2005/09/08 | Real Estate Tax Bill 2004-2005 | |
| PX-29 | 1996/09/01 | Omni Corp. Rec.: Mortgage Renewal | Omni 0528 |
| PX-30 | 1999/09/15 | Omni Corp. Rec.: Feinblanking Lease | Omni 0535 |
| PX-31 | 2002/05/01 | Omni Corp. Rec. | Omni 0536 - 542 |
| PX-32 | 2001/05/01 | Omni Corp. Rec. | Omni 0548 - 549 |
| PX-33 | 1988/05/12 | Green Industries Corporate Record re acquisition of Le Saint Drive Property | LWG 100407 - 408 |
| PX-34 | 1998/05/15 | Federal On-Scene Coordinator's Report | EPA 001169 - 1275 |
| PX-35 | 2000/09/18 | EPA Revised Itemized Cost Summary (for costs through August 31, 2000) | |
| PX-36 | 1994/06/29 | LWG 1993 Balance Sheet | LWG 102895 - 2904 |
| PX-37 | 1995/06/09 | LWG 1993 Federal Tax Return | EPA 000651 - 679 |
| PX-38 | 1993/10/30 | LWG Corporate Minute re election of officers | LWG 100454 |
| PX-39 | 1993/10/30 | LWG Corporate Minute re election of Directors | LWG 100455 |
| PX-40 | 2006/02/16 | Response of Omni Industrial Properties to United States' First Set of Interrogatories | |
| PX-41 | 1991/10/30 | Complaint in Green Indus. Corp. v. LWG Co., Inc. et al., Case No. A9109490 (Court of Commons Pleas of Hamilton County, Ohio) | EPA 004434-44 |
| PX-42 | 1993/09/09 | LWG Co. & Maurice Green Plea Agreement | |

## UNITED STATES V. DANIEL GREEN, ET AL.

## APPENDIX C – DEFENDANT'S EXHIBITS

| DX-A | November 12, 1992 | Mutual Release and Settlement Agreement | EPA 000947-59 |
|------|-------------------|------------------------------------------|----------------|
| DX-B | December 13, 1995 | Letter from Clouse to Stimple | EPA 000960 |
| DX-C | June 12, 1996 | Letter from D. Green to S. Jansen | LWG 101540-43 and Exhibit W 101489-101539 |
| DX-D | November 22, 1996 | Memorandum of Interview [CONFIDENTIAL] | |
| DX-E | March 18, 1999 | Grinstead Interview by Zanier [CONFIDENTIAL] | |
| DX-F | June 23, 1999 | Multi-Site PRP Search Title Search Report 9461 Le Saint Drive | |
| DX-G | August 1999 | Report of Investigation [CONFIDENTIAL] | |
| DX-H | August 4, 2000 | Complaint | |
| DX-I | October 16, 2000 | First amended Complaint | |
| DX-J | November 28, 2000 | Letter to Omni from USDOJ c/o Steven Marcum | LWG 101986-7 |
| DX-K | November 28, 2000 | Letter to Omni from USDOJ | LWG 101954-5 |
| DX-L | November 28, 2000 | Letter to HST from USDOJ | LWG 101968-9 |
| DX-M | November 28, 2000 | Letter to Green Properties, Inc. from USDOJ | LWG 101966-7 |
| DX-N | January 9, 2001 | Grinstead Interview by O'Bryan and Arkell | |
| DX-O | February 21, 2001 | Plaintiff United States' Rule 26(a)(1) Disclosures | |

| DX-P | January 7, 2002 | Second Amended Complaint | |
| DX-Q | January 13, 2002 | Ex Parte Order for Disclosure with attachments | |
| DX-R | April 14, 2005 | Third Amended Complaint (moved Court for amendment February 9, 2004) | |
| DX-S | March 1, 2006 | United States' Responses/Objections to Omni's Interrogatories/Document Requests | |