UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. C-1-00-637 |
| ) | |
| DANIEL GREEN, et al., ) | Judge Susan J. Dlott |
| ) | |
| Defendants. ) | |

**UNITED STATES' UNOPPOSED MOTION
FOR ENTRY OF CONSENT DECREE**

NOW COMES the United States of America, who states that:

1.  On August 7, 2000, the United States, on behalf of the United States Environmental Protection Agency ("U.S. EPA"), filed suit against certain defendants including L.W.G. Co., Inc. ("LWG"), formerly known as Green Industries Inc., under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), to recover unreimbursed response costs incurred by the United States with regard to the Green Industries Site, located in Sharonsville, Ohio (the "Site"). The Complaint alleges that LWG is liable as an owner and operator of the Site at the time of disposal there of hazardous electroplating wastes.

2.  On April 14, 2005, the United States filed a Third Amended Complaint, adding a claim against LWG pursuant to the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3304(b), alleging that in 1994 LWG fraudulently transferred certain real property to

Omni Industrial Properties, Inc. As an entity whose assets would be impacted by resolution of this claim, Omni Industrial Properties was named as a Rule 19 defendant.

3. On July 8, 2004, the Court granted the United States' motion for partial summary judgment against LWG, finding LWG liable under CERCLA Section 107.

4. On December 7, 2007, the United States filed a Notice of Lodging of Consent Decree ("Notice") with this Court and lodged the proposed Consent Decree among the United States, LWG, and Omni Industrial Properties, pending public notice and comment on the Consent Decree.

5. Consistent with CERCLA and U.S. Department of Justice policy, on December 20, 2007, the U.S. Department of Justice published a notice in the Federal Register advising the public of the lodging of the proposed Consent Decree and inviting the public to comment on the proposed Consent Decree for a 30-day period commencing with the date of publication of the notice. See 72 Fed. Reg. 72375.

6. The 30-day period for public comment expired on January 22, 2008. No comments were received during the public comment period. The United States continues to believe that the proposed Consent Decree is fair, reasonable, protective of human health and the environment, in the public interest, and fully consistent with the purposes of CERCLA.

7. The United States now requests that the Court sign and enter the Consent Decree, attached hereto as Attachment 1.

**Background**

8. Green Industries Inc., in its own right and as successor-by-merger to Creutz Plating Co., owned and operated an electroplating plant located at the Green Industries Site from 1981 through 1988. Daniel Green was Green Industries' President and majority shareholder,

while his father, Maurice Green, owned the remainder of Green Industries' stock and served as Vice President. During this period, there were myriad releases and disposals of hazardous substances at the Site. In 1988, Green Industries sold its operations, including the Green Industries Site, to H.R.W. Industries, Inc. Following the sale, Green Industries changed its name to L.W.G. Co., Inc.

9. In 1988, LWG acquired certain real property located at 9461 Le Saint Drive, Fairfield, Ohio ("Fairfield Property") with a portion of the proceeds from its sale of the Green Industries Site. In 1989, Maurice Green and Daniel Green incorporated a new metal-plating company, Norwood Hard Chrome Co. (later known as LWG Finishing Corp.), which began operations at the Fairfield Property. Later that year, LWG became the sole shareholder of Norwood Hard Chrome. LWG's only source of income from 1988 forward was rent collected on the Fairfield Property and loans repaid by Norwood Hard Chrome/LWG Finishing and others.

10. Beginning in 1993, LWG took steps to transfer the Fairfield Property to Omni Industrial, an entity wholly owned by Daniel Green's brother, Samuel Green. Omni Industrial was incorporated on September 9, 1993 and corporate minutes dated September 30, 1993 authorized Omni Industrial to acquire the Fairfield Property. In 1994, LWG conveyed the Fairfield Property to Omni Industrial.

11. From March 1996 through August 1997, U.S. EPA conducted CERCLA removal activities at the Green Industries Site. These primarily consisted of identifying containerized wastes and transporting them off-site for proper disposal; repairing the existing wastewater treatment system for use in treating waste discovered on-site and decontaminating waste generated during the project; decontaminating interior walls, concrete flooring, the sewer system network, floor pits and sumps; and excavating and disposing of soils from two "hot spot"

contaminated soil areas. U.S. EPA incurred almost $4 million in costs in responding to releases and threatened releases of hazardous substances at the Green Industries Site.

**Proposed Consent Decree**

12.     The proposed Consent Decree resolves the CERCLA liability of LWG and FDCPA liability relating to the Fairfield Property. Under the proposed Consent Decree, the United States covenants not to sue or to take administrative action against LWG pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site; and (ii) the United States covenants not to sue or to take administrative action against the LWG and Omni Industrial pursuant to Section 3304 of the FDCPA, 28 U.S.C. § 3304, with regard to the Site or the Fairfield Property. With respect to present and future liability, the covenant shall take effect upon receipt by EPA of all amounts required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). The covenant not to sue is conditioned upon the satisfactory performance by LWG and Omni Industrial of their obligations under the Consent Decree.

**No Comments Received During the Public Comment Period**

13.     In connection with the lodging of the Consent Decree, the United States advised the Court that the public would be provided an opportunity to comment on the proposed Consent Decree and, after the conclusion of the public comment period, the United States would either notify the Court of its withdrawal of consent to the proposed settlement agreement, or move this Court to enter the Decree.

14.     The United States published notice of the proposed Consent Decree in the <u>Federal Register</u> on December 20, 2007.  72 Fed. Reg. 72375.  During the comment period, the United States did not receive any comments.

**Court Review of Proposed Consent Decree**

15.     CERCLA's legislative history establishes that a Court's role in reviewing a settlement under CERCLA is to "satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve."  <u>United States v. Cannons Eng'g Corp.</u>, 899 F.2d 79, 85 (1st Cir. 1990), quoting H.R. Rep. No. 253, 99th Cong., 1st Sess., Pt. 3, at 19 (1985); <u>United States v. AKZO Coatings of Am., Inc.</u>, 949 F.2d 1409, 1424 (6th Cir. 1991).  This standard of review is consistent with the standard of review that pertains to consent decrees generally.  See <u>Air Line Stewards and Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.</u>, 630 F.2d 1164, 1167 (7th Cir. 1980) (settlements should be "fair, reasonable and adequate"); <u>Donovan v. Estate of Fitzsimmons</u>, 778 F.2d 298, 308 (7th Cir. 1985); <u>United States v. Seymour Recycling Corp.</u>, 554 F. Supp. 1334, 1337 (S.D. Ind. 1982).

16.     In making its determination regarding a proposed settlement, the Court should "pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment."  <u>Securities & Exchange Comm'n v. Randolph</u>, 736 F.2d 525, 529 (9th Cir. 1984); <u>In re: Acushnet River</u>, 712 F. Supp. 1019, 1031 n.21 (D. Mass. 1989).  The underlying purpose of the Court's inquiry is to determine whether the decree adequately protects the public interest.  See <u>United States v. Conservation Chem. Co.</u>, 628 F. Supp. 391, 400 (W.D. Mo. 1985), citing <u>United States v. Seymour Recycling Corp.</u>, 554 F. Supp. 1334, 1337 (S.D. Ind. 1982).  There is a strong presumption in favor of voluntary settlements in CERCLA cases.  <u>AKZO</u>, 949 F.2d at 1436.

17.     The settlement set forth in the proposed Consent Decree is consistent with the criteria set forth above.

18.     The settlement embodied in the Consent Decree constitutes the United States' best efforts to resolve the claims against the Settling Defendants fully and fairly in a manner consistent with the interests of the public.

19.     The United States believes that the proposed Consent Decree is fair, reasonable, consistent with the purposes of CERCLA, and in the public interest.  Moreover, the Department of Justice did not receive any comments pertaining to the proposed Consent Decree that "disclose [any] facts or considerations which indicate that the proposed judgment is inappropriate, improper, or inadequate."  See, 42 U.S.C. §§ 9622(d)(2)(B), 9622(i)(3).

**Conclusion**

For the foregoing reasons, the Court should approve and enter the Consent Decree.

Dated: February 11, 2008                    Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


   s/ Jeffrey A. Spector
JEFFREY A. SPECTOR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 76ll
Washington, DC  20044-7611
Telephone: (202) 514-4432
Jeffrey.Spector@usdoj.gov

OF COUNSEL:

RICHARD R. WAGNER
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL  60604
(312) 886-7947

## CERTIFICATE OF SERVICE

      I, Jeffrey A. Spector, an attorney, certify that on February 11, 2008 I electronically filed **UNITED STATES' MOTION FOR ENTRY OF CONSENT DECREE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      David A. Owen
      GREENEBAUM DOLL
       & MCDONALD PLLC
      300 West Vine Street, Suite 1100
      Lexington, Kentucky 40507


        s/ Jeffrey A. Spector
      Jeffrey A. Spector